```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, and
NORTHBROOK INDEMNITY COMPANY,

                              Plaintiffs,

         -against-                              MEMORANDUM & ORDER
                                                14-CV-4826(JS)(AKT)
IRAGE YEHUDIAN, M.D., PADOVA
PHYSICAL REHABILITATION MEDICINE, P.C.,
and PROGRESSIVE REHABILITATION
FACILITY, P.C.,

                              Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Nathan A. Tilden, Esq.
                        Michael W. Whitcher, Esq.
                        Jasmine G. Vieux, Esq.
                        Richard D. King, Esq.
                        Smith & Brink, P.C.
                        1325 Franklin Ave., Suite 320
                        Garden City, NY 11530

For Defendants:         No appearance
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") sua sponte recommending that this Court: (1) strike the Answers filed by defendants Irage Yehudian, M.D., Padova Physical Rehabilitation Medicine, P.C., and Progressive Rehabilitation Facility, P.C. (collectively, the "Yehudian Defendants"), (2) order the Clerk of the Court to enter a certificates of default against the Yehudian

Defendants, and (3) permit plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Northbrook Indemnity Company (collectively, "Plaintiffs") to move for a default judgment. (Docket Entry 77.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

## BACKGROUND

On August 14, 2014, Plaintiffs commenced this action against the Yehudian Defendants and Giovanni Lopez, Pepito Santos, Jr., P.T., Steven Klein, D.C., Samuel Theagene, M.D., Harmonic Physical Therapy, P.C., Peak Chiropractic, P.C., Empire State Pain & Neuro, P.C., Platinum Health Physical Therapy, P.C., and Global Health Developers & Management, Inc., (collectively, "Defendants"), asserting claims under the Racketeer Influence and Corrupt Organizations Act as well as state law in connection with an alleged "health care billing fraud scheme." (See Compl. ¶¶ 1-10.) On May 12, 2015, the Court granted the Yehudian Defendants' counsel's motion to withdraw and directed the Yehudian Defendants to retain new counsel within thirty days or "Plaintiffs will then have the opportunity to move for default judgments." (Minute Order, Docket Entry 59.) October 8, 2015, all Defendants with the exception of the Yehudian Defendants were terminated from this action pursuant to a So Ordered Stipulation of Dismissal. (Stip., Docket Entry 74.)

On February 25, 2016, Judge Tomlinson issued an R&R <u>sua sponte</u> recommending that the Court: (1) strike the Answers filed by the Yehudian defendants, (2) order the Clerk of the Court to enter a certificates of default against the Yehudian Defendants, and (3) permit Plaintiffs to move for a default judgment. (R&R at 1-2.) Judge Tomlinson notes that the Yehudian Defendants have ignored the Court's directive to retain new counsel, failed to appear at a telephone conference and hearing, and failed to respond to Plaintiffs' request for certificates of default. (R&R at 7.)

<u>DISCUSSION</u>

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 77) is ADOPTED in its entirety.  The Answers filed by the Yehudian Defendants at Docket Entries 29, 30, and 31 are STRICKEN.  The Clerk of the Court is directed to enter certificates of default against the Yehudian Defendants.  Plaintiffs are permitted to move for a default judgment within forty-five (45) days of the date of this Memorandum and Order. Plaintiffs are directed to serve a copy of this Memorandum and Order on the Yehudian Defendants and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August   2  , 2016
         Central Islip, New York