UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, AND
NORTHBROOK INDEMNITY COMPANY,

                         Plaintiffs,   **REPORT AND**
                                          **RECOMMENDATION**
          - against -   CV 14-4826 (JS) (AKT)

IRAGE YEHUDIAN, M.D., PADOVA
PHYSICAL REHABILITATION MEDICINE,
P.C. and PROGRESSIVE REHABILITATION
FACILITY, P.C.,

    Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.   PRELIMINARY STATEMENT**

Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Northbrook Indemnity Company (collectively, "Plaintiffs") brought the instant action to recover alleged damages arising from a purportedly fraudulent healthcare billing scheme orchestrated by the defendants in violation of state and federal law. Plaintiffs have moved for default judgment against the only remaining defendants in this case, Irage Yehudian, M.D., Padova Physical Rehabilitation Medicine, P.C., and Progressive Rehabilitation Facility, P.C. ("the Yehudian Defendants"). *See* DE 84. Judge Seybert referred the motion to the undersigned for a Report and Recommendation "on whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded." *See* DE 85. For the reasons set forth below, the Court recommends that the

motion for default judgment be temporarily DENIED, without prejudice, and with the right to renew upon resolution of the issues set forth below and the Court's receipt of additional information.

## II.     PROCEDURAL HISTORY

Plaintiffs commenced the instant action on August 4, 2014 against the Yehudian defendants and Giovanni Lopez, Pepito Santos, Jr., P.T., Steven Klein, D.C., Samuel Theagene, M.D., Harmonic Physical Therapy, P.C., Peak Chiropractic, P.C., Empire State Pain & Neuro, P.C., Platinum Health Physical Therapy, P.C., and Global Health Developers & Management, Inc. *See* DE 1.  In their Complaint, Plaintiffs alleged that the defendants, which included medical professionals and their non-medical co-conspirators, improperly collected no-fault insurance benefits from Plaintiffs "through a series of professional service corporations" operated in violation of New York law. *Id*. ¶ 3.  Plaintiffs brought this action for violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961 et seq., common-law fraud and unjust enrichment. *See generally*, Compl.  The following procedural history is largely taken from the undersigned's February 25, 2016 Report and Recommendation in this case.  DE 77.

On November 16, 2014, the Court held an Initial Conference, at which the Yehudian defendants appeared by counsel.  DE 38.  The Court set this case down for a Discovery Status Conference on March 26, 2015.  *Id*.  The Court later granted Plaintiffs' request to adjourn that conference to May 1, 2015.  *See* Elec. Order, Mar. 23, 2015.

On March 30, 2015, counsel for the Yehudian defendants, Attorney Lawrence F. Kobak of the law firm Kern, Augustine, Conroy & Schoppman, P.C., filed a letter motion, pursuant to

2

Local Civil Rule 1.4, seeking to withdraw as counsel of record.  *See* DE 51.  Judge Seybert set the motion to withdraw down for a hearing on May 12, 2015.  *See* Elec. Order, Apr. 28, 2015.

While the motion to withdraw was *sub judice* before Judge Seybert, Plaintiffs filed a letter motion before this Court seeking (1) to adjourn the May 1, 2015 Discovery Status Conference and (2) a temporary stay of discovery in light of ongoing settlement discussions being conducted between Plaintiffs and all defendants, with the exception of the Yehudian defendants.  DE 54.

The Court granted Plaintiffs' motion and directed the parties that, if they had not reached a settlement agreement by May 15, 2015, they must appear before the Court on May 20, 2015 at 12 p.m., at which time the Court would discuss the status of the case and further scheduling. Elec. Order, Apr. 27, 2015.  On May 12, 2015, following a hearing, Judge Seybert granted the motion to withdraw and Attorney Kobak and the law firm Kern, Augustine, Conroy & Schoppman, P.C. were relieved as counsel of record for the Yehudian defendants.  DE 59.  Judge Seybert ordered that the Yehudian defendants "have 30 days in which to retain new counsel, or else plaintiffs will then have the opportunity to move for default judgments."  *Id*.  In light of Judge Seybert's May 12, 2015 Order, this Court adjourned the May 20, 2015 Discovery Status Conference to June 17, 2015 at 12 p.m.  *See* Elec. Order, May 18, 2015.  Copies of the Court's May 18, 2015 Order adjourning the conference were served on the Yehudian defendants by Plaintiffs' counsel on May 19, 2015.  DE 60.  The Court thereafter granted Plaintiffs' motion to extend the stay of party and non-party discovery in this case until June 17, 2015.  Elec. Order., May 26, 2015.  Copies of the Court's May 26, 2015 Order were again served on the Yehudian Defendants by Plaintiffs' counsel on May 29, 2015.  DE 62.

3

On June 11, 2015, due to a conflict in the Court's calendar, the Court rescheduled the June 17, 2015 Discovery Status Conference to June 23, 2015 at 11 a.m. Elec. Order, June 11, 2015. It does not appear from the docket that copies of the Court's June 11, 2015 Order rescheduling the conference were served on the Yehudian defendants.

On June 12, 2015, Plaintiffs filed requests with the Clerk's Office for certificates of default against the Yehudian defendants. DE 63-65. The Clerk's Office denied the requests and directed Plaintiffs to refile their requests as a "Motion for Judgment on the Pleadings by Default." Elec. Order, June 15, 2015.

On June 19, 2015, Plaintiffs filed a letter motion seeking to adjourn the June 23, 2015 Discovery Status Conference or, in the alternative, to convert the conference to a telephone conference. DE 63. Counsel for Plaintiffs noted in his letter that Plaintiffs intended to seek the entry of judgment by default against the Yehudian defendants because they "have failed to comply with this Court's order regarding retention of new counsel." *Id*. On June 19, 2015, the Court issued an Order granting Plaintiffs' letter motion to the extent of converting the June 23, 2015 conference into a telephone conference. Elec. Order, June 19, 2015.

The Yehudian defendants did not appear for the June 23, 2015 telephone conference. DE 67. The Court stated during the conference that it intended to enter a separate order directing the Yehudian defendants to appear and show cause why the Court should not recommend that a default judgment be entered against them for their continued failure to comply with their discovery obligations and participate in these proceedings. *See id*. ¶ 3.

The Court issued the Order to Show Cause on July 7, 2015, directing the Yehudian defendants to appear on August 3, 2015 at 11 a.m. in Courtroom 910 and show cause why the

4

sanction of default should not be entered against them, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and (d)((1)(A)(ii), for their failure to comply with their discovery obligations and the failure to comply with the Orders of Judge Seybert and this Court.  *See id.*;  DE 68.  The July 7, 2015 Order stated that if the Yehudian defendants failed to appear for the August 3, 2015 Show Cause Hearing "the Court will proceed to issue a Report and Recommendation to Judge Seybert recommending that the sanction of default be entered against them and that an inquest on damages be conducted based on their failure to comply with the Orders of this Court."  DE 68.  Counsel for Plaintiff served copies of the June 23, 2015 Civil Conference Minute Order as well as the July 7, 2015 Order to Show Cause on the Yehudian defendants by overnight mail on July 7, 2015.  DE 69.

On July 14, 2015, Plaintiffs filed a stipulation dismissing, with prejudice, all claims against defendants Samuel Theagene, M.D. and Empire State Pain & Neuro, P.C., without costs to any party.  DE 70.  Judge Seybert "so-ordered" the stipulation on July 20, 2015.  DE 71.  A second stipulation was filed on July 27, 2015.  That one pertained to the remaining defendants, apart from the Yehudian defendants.  Plaintiffs dismissed, with prejudice, and without costs to any party, all claims against Defendants Lopez, Global Health Developers & Management, Inc., Pepito Santos, Jr., P.T., Harmonic Physical Therapy, P.C., Platinum Health Physical Therapy, P.C., Steven Klein, D.C., and Peak Chiropractic, P.C.  *See* DE 73.  Judge Seybert later "so-ordered" the stipulation on October 8, 2015.  DE 74.

When this case was called on August 3, 2015 for the Show Cause Hearing, the Yehudian defendants failed to appear.  DE 75.  The Court noted on the record that, in light of the failure of the Yehudian defendants to appear and their failure to communicate with the Court, "the Court

5

will proceed to prepare and send a Report and Recommendation to Judge Seybert recommending the entry of default." *Id.* ¶ 2. Copies of the August 3, 2015 Civil Conference Minute Order and the accompanying electronic entry were mailed to the Yehudian defendants by the Court on December 3, 2015. Plaintiff also served copies of these documents on the Yehudian defendants by overnight mail on December 3, 2015. *See* DE 76.

The Yehudian defendants did not respond to the Court's Orders or communicate with the Court in any other way. Moreover, no Notice of Appearance was ever filed in this action indicating that the Yehudian defendants had retained new counsel in compliance with Judge Seybert's May 12, 2015 Order. As indicated during the August 3, 2015 Show Cause Hearing, the Court issued a Report and Recommendation recommending to Judge Seybert that she (1) strike the Yehudian defendants' answers [DE 29-DE 31], (2) order the Clerk of Court to enter a certificate of default against these defendants, and (3) permit Plaintiffs to move for a default judgment within 45 days of the adoption of the Report and Recommendation. *See* DE 77. Counsel for Plaintiffs was directed to serve a copy of the Report and Recommendation on the Yehudian defendants by overnight mail and first class mail and to file proof of such service on ECF. *Id.* On March 2, 2016, Plaintiffs' filed an Affidavit of Service on ECF confirming that the Yehudian Defendants were served in accordance with the Court's directives. DE 79.

On August 2, 2016, Judge Seybert issued an Order adopting the Court's Report and Recommendation, striking the Yehudian Defendant's Answers, DE 29, 30, 21, and directing the Clerk of the Court to enter certificates of default against the Yehudian Defendants. DE 80. The Court further ordered that Plaintiffs were permitted to move for a default judgment within 45 days. *Id.* On August 3, 2016, the Clerk of the Court noted in the record the defaults of the

6

Yehudian defendants.  *See* DE 81.  The Plaintiffs filed their motion for default judgment on September 16, 2016.  DE 84.  Judge Seybert referred the motion to the undersigned for a Report and Recommendation on January 12, 2017 as to whether the motion should be granted and, if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded.  DE 85.

### III.   LEGAL STANDARD

Fed. R. Civ. P. 55 establishes a two-step process for obtaining a judgment against a defaulting party.  *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  First, a plaintiff must obtain a notation of default indicating that a party has "failed to plead or otherwise defend." Fed. R. Civ. 55(a).  Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." *New York*, 420 F.3d at 104.  The decision to grant a motion for default judgment is left to the sound discretion of the district court.  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)) ("Rule 55(b) commits this decision to the sound discretion of the district court."); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotation marks omitted).

7

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y.1992)); *Krevat v. Burgers to Go, Inc.*, No. 13-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014) (citing *Greyhound ExhibitGroup. Inc.*, 973 F.2d at 158).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014) (quoting *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-3168, 2009 WL 4929419, at *6 (E.D.N.Y. Oct. 6, 2009)) (internal quotation marks omitted), report and recommendation adopted by 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014)); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y.1993)). Rather, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted

8

cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); *see Said v. SBS Elecs., Inc.*, No. 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (The fact that a complaint remains unanswered will not suffice to establish liability on the plaintiff's claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading."), adopted as modified on unrelated grounds, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010 ).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001); *Enron Oil Corp.*, 10 F.3d at 96). "These factors are: (1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Id.* (quoting *Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring Experts, Inc.*, No. 12-6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013) report and recommendation adopted by 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013)); *see, e.g.*, *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-02067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)) (citing *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006)).

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d

9

at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); Fed. R. Civ. P. 8(d)). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Gutman v. Klein*, No. 03-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) (quoting *Flaks*, 504 F.2d at 707) ("'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'").

### IV.   DISCUSSION

At the outset, the Court notes that Plaintiffs are seeking default judgment against the Yehudian Defendants only with respect to certain counts: Counts VII-X, Counts XV-XVI, and Counts XX-XXI. *See generally* Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment and Entry of Final Judgment as to Defendants Irage Yehudian, M.D., Padova Physical Rehabilitation Medicine, P.C., and Progressive Rehabilitation Facility, P.C. ("Pls.' Mem.") [DE 84-1]. It appears that the Yehudian Defendants are not seeking a default judgment with respect to Counts XIII and XIV, which allege violations for 18 U.S.C. Section 1962(c) and 18 U.S.C. Section 1962(d), respectively. *See id*. However, the Court cannot state this with any finality since the Plaintiffs do not address this issue in their Memorandum of Law. If, in fact, Plaintiffs' intention is to withdraw these claims, then this Court recommends to Judge Seybert that the Plaintiffs be directed to file a Stipulation confirming the withdrawal of these counts. If the exclusion of Counts XIII and XIV from the Plaintiffs' request was unintentional, however,

10

then Plaintiffs must notify the Court promptly since that information impacts what the Court must do regarding any findings. Although Plaintiffs may well be entitled to entry of a default judgment, the Court cannot make a recommendation that default judgment be entered here until this issue is resolved. Consequently, the Court respectfully recommends that the motion for entry of default judgment be temporarily DENIED, without prejudice, and with the right to renew once this issue is finally resolved.

The Court turns to Plaintiffs' request for damages. The Court has determined that Plaintiffs submission fails to satisfy their burden of proof. *See Deckers Outdoor Corp.*, 2014 WL 4536715, at \*6 (quoting *Gesauldi v. Dan Yant Inc.*, No. 13 CV 1872, 2014 WL 1057307, at \*3 (E.D.N.Y. Mar. 19, 2014)) ("It is within the Court's discretion 'to determine whether plaintiffs' burden has been met, and whether or not to hold an evidentiary hearing.'").

In support of their application, Plaintiffs submit the Declaration of Michael Bruno, a Senior Special Investigations Unit Field Analyst employed by Allstate Insurance Company. Declaration of Michael Bruno ("Bruno Decl.") [DE 84-2] ¶ 1. According to Bruno, "[w]hen a payment to a healthcare provider is authorized by Allstate, the designated information is entered into Allstate's computer database, which causes a check to be generated, issued, and catalogued according to the TIN [tax identification number] of the payee." *Id.* ¶ 70. In this case, Allstate's damages were calculated by conducting a search of its computerized business records and compiling a list of all payments that Allstate made to the tax identification number used by Padova and Progressive. *Id.* ¶ 69. Each no-fault payment made to Padova is listed in the chart attached as Exhibit 2 to the Bruno Declaration. The Exhibit is comprised of 180 pages of entries listing the payment date, payor, payee, payment amount, claim number and check number.

According to Bruno, the sum total of the no-fault payments made to Padova is $1,442,469.15. *Id*. ¶ 75. Each no-fault payment made to Progressive is listed, in the same format, in Exhibit 3 to the Bruno Declaration. The Exhibit includes 29 pages of entries, which, according to Bruno, amount to a total of $460,360.88 in no-fault payments. *See* Bruno Decl., Exhibit 3 [84-5]. The Court notes that Exhibits 2 and 3 are in .pdf format and as such there does not appear to be any reasonable means of verifying the accuracy of Allstate's calculation,[1] which the Court must do. The Court therefore recommends that Plaintiffs be directed to provide a list of the payments in an excel spreadsheet, contained either on a CD or some other device, so that the Court may calculate the sum total of the entries and confirm the accuracy of Plaintiffs' calculations. This is a reasonable request under the circumstances and the same request has been made in another case involving Allstate here in this Courthouse. *See Allstate Ins. Co. v. Williams*, No. 13 CV 2893, 2014 WL 6900121, at *9 n.5 (E.D.N.Y. Dec. 5, 2014) (Judge Azrack requested Microsoft Excel versions of Mr. Bruno's spreadsheets in order to confirm the accuracy of Allstate's damages calculations.).

In connection with the damages sought, the Court further recommends that Plaintiffs be directed to provide written confirmation that they are not seeking to recover attorney's fees and costs through their motion for default judgment. If counsel, however, does seek recovery of the same, then they must submit contemporaneous time/billing records for each specific attorney and/or paralegal, along with a designation of who performed the work associated with each

---

[1] Since these documents are in .pdf format, there is no function which would allow the Court to calculate the sum of the entries. Instead, the Court would be required to calculate the total by manually adding each entry. Based on the fact that the entries span some 209 pages, it would take an inordinate amount of time to do the calculation and would not be reasonable under the circumstances.

entry. *See generally New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983); *see also Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 120 (E.D.N.Y. 2010) (citing *New York State Ass'n for Retarded Children, Inc*., 711 F. Supp. 1147-48) ("A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records."). Such documentation may be filed under seal. Counsel must also submit underlying documentation for any other costs and disbursements requested. *Joe Hand Promotions, Inc. v. Elmore,* No. 11 Civ. 3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (collecting cases) (taking judicial notice of the filing fee but declining to award counsel service costs due to absence of documentation); *Li Ping Fu v. Pop Art Int'l Inc.*, No. 10 Civ. 8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011) ("The Court takes judicial notice of the Court's own filing fee amount, but plaintiff has not provided supporting documentation as to the service costs and therefore that amount is not recoverable."), *adopted in relevant part by* 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011).

If Plaintiffs fail to provide testamentary and documentary support sufficient to satisfy the Court that the damages sought are warranted, then the Court will ultimately have no alternative but to recommend that Plaintiff's request for damages be denied.

### V.     CONCLUSION

For the reasons set forth above, the Court respectfully recommends to Judge Seybert that (1) Plaintiffs' Motion for Default Judgment be temporarily DENIED, without prejudice, and with the right to renew, and (2) the issue of Plaintiffs' damages be deferred until the additional information requested above has been provided.

## VI.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 n.2 (2d Cir. 1983)).

**Counsel for Plaintiffs is directed to serve a copy of this Report and Recommendation on the Yehudian Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF**.

                                                                          **SO ORDERED.**

Dated: Central Islip, New York
        August 23, 2017

                                                  /s/ A. Kathleen Tomlinson
                                                  A. KATHLEEN TOMLINSON
                                                  U.S. Magistrate Judge