UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY, and
NORTHBROOK INDEMNITY COMPANY,

                    Plaintiffs,

          -against-                              MEMORANDUM & ORDER
                                                 14-CV-4826 (JS)(AKT)
IRAGE YEHUDIAN, M.D., PADOVA PHYSICAL
REHABILITATION MEDICINE, P.C., and
PROGRESSIVE REHABILITATION FACILITY, P.C.,

                    Defendants.
--------------------------------------X
APPEARANCES
For Plaintiffs:     Jasmine Garcia-Vieux, Esq.
                    Michael W. Whitcher, Esq.
                    Nathan A. Tilden, Esq.
                    Richard D. King, Jr., Esq.
                    Smith & Brink PC
                    1205 Franklin Avenue, Suite 260
                    Garden City, NY 11530

For Defendants:     No appearances[1]

SEYBERT, District Judge:

          Pending before the Court is Magistrate Judge A. Kathleen

Tomlinson's Report and Recommendation ("R&R") recommending that

Plaintiffs' motion for default judgment and entry of final judgment

be temporarily denied without prejudice and with leave to renew,

---

[1] While defendants Irage Yehudian, M.D., Padova Physical
Rehabilitation Medicine, P.C. ("Padova"), and Progressive
Rehabilitation Facility, P.C. ("Progressive" and collectively,
the "Yehudian Defendants") were represented by counsel earlier
in this action, they failed to retain new counsel after this
Court granted their former counsel's motion to withdraw in May
2015.  (See May 2015 Minute Order, Docket Entry 59.)

and that the issue of damages be deferred until Plaintiffs provide additional information and documentation. (R&R, Docket Entry 86.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

The Court presumes familiarity with the underlying facts of this matter, which are set forth in detail in the R&R. Briefly, on August 14, 2014, Plaintiffs commenced this action against the Yehudian Defendants and a number of former co-defendants.[2] Plaintiffs asserted claims under the Racketeering Influenced and Corrupt Organizations Act and for common law fraud, unjust enrichment, and declaratory relief in connection with an alleged health care billing fraud scheme. (See generally Compl.)

As previously noted, on May 12, 2015, the Court granted the Yehudian Defendants' counsel's motion to withdraw and directed the Yehudian Defendants to retain counsel within thirty days. The Court indicated that if the Yehudian Defendants failed to retain counsel, Plaintiffs would be permitted to move for a default judgment. (See May 2015 Minute Order.) To date, the Yehudian Defendants have not retained counsel. On February 25, 2016, Judge

---

[2] In 2015, Plaintiffs filed stipulations dismissing with prejudice their claims against all defendants aside from the Yehudian Defendants. (See Docket Entries 70, 73.) The Court subsequently "So Ordered" these stipulations. (See Orders, Docket Entries 71, 74.)

Tomlinson issued a report and recommendation recommending that this Court strike the Yehudian Defendants' answers, direct the Clerk of the Court to enter a certificate of default against the Yehudian Defendants, and permit Plaintiffs to file a motion for default judgment (the "February 2016 R&R"). (See Docket Entry 77, at 1-2.) The Court adopted the February 2016 R&R on August 2, 2016. (See Docket Entry 80.)

On September 16, 2016, Plaintiffs filed a motion for default judgment and entry of final judgment as to the Yehudian Defendants. (Pls.' Mot., Docket Entry 84.) On January 12, 2017, the Court referred Plaintiffs' motion to Judge Tomlinson for an R&R on whether the motion should be granted and, if necessary, to determine the appropriate amount of damages, costs, and/or fees to be awarded. (See Ref. Order, Docket Entry 85.)

On August 23, 2017, Judge Tomlinson issued her R&R recommending that Plaintiffs' motion be temporarily denied without prejudice and with leave to renew. (R&R at 2.) Judge Tomlinson noted that Plaintiffs only sought a default judgment against the Yehudian Defendants with respect to Counts VII-X, XV-XVI, and XX-XXI of the Complaint, but did not indicate whether they intend to withdraw Counts XIII and XIV. (R&R at 10.) Judge Tomlinson recommended that Plaintiffs be directed to file a Stipulation confirming their withdrawal of Counts XIII and XIV, which were not addressed in Plaintiffs' motion. (R&R at 10.) Judge Tomlinson

also concluded that Plaintiffs failed to satisfy their burden of proof with respect to their request for damages. (R&R at 11.) Judge Tomlinson noted that Plaintiffs' exhibits listing payments remitted to Padova and Progressive were submitted in .pdf format and, thus, "there does not appear to be any reasonable means of verifying the accuracy of [Plaintiffs'] calculation, which the Court must do." (R&R at 12.) Judge Tomlinson recommended that the Court direct Plaintiffs to submit a list of these payments in an excel spreadsheet on a compact disc or another device. (R&R at 12.) Finally, Judge Tomlinson recommended that Plaintiffs be directed to confirm that they are not seeking attorneys' fees and costs in connection with their motion. (R&R at 12.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived. Upon careful review and consideration, the Court

4

finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

The Court notes that on September 6, 2017, Plaintiffs filed a response to the R&R in which they confirmed that they intend to withdraw Counts XIII and XIV of the Complaint against the Yehudian Defendants and that they are not seeking attorneys' fees, costs, or disbursements in connection with their motion for default judgment ("Plaintiffs' Response").[3]  (See Pls.' Resp., Docket Entry 88.)  Plaintiffs also filed a Stipulation withdrawing Counts XIII and XIV against the Yehudian Defendants.  (See Pls.' Stip., Docket Entry 89.)

The Court construes Plaintiffs' Response as a motion to renew their motion for default judgment in accordance with the recommendations set forth in the R&R.  The Court REFERS Plaintiffs' Response to Judge Tomlinson for a report and recommendation on whether Plaintiffs' motion should be granted and, if necessary, to determine the appropriate amount of damages, costs, and/or fees to be awarded.   Plaintiffs are directed to submit the excel spreadsheet(s) discussed in the R&R within thirty (30) days of the date of this Memorandum and Order.

---

[3] Plaintiffs indicated that a compact disc containing excel spreadsheets of their payments to Padova and Progressive will be "submitted to the Court under separate cover."  (Pls.' Resp. at 3.)

## CONCLUSION

Judge Tomlinson's R&R (Docket Entry 86) is ADOPTED in its entirety and Plaintiffs' motion for default judgment and entry of final judgment (Docket Entry 84) is DENIED WITHOUT PREJUDICE and with leave to renew. The Court construes Plaintiffs' Response (Docket Entry 88) as a motion to renew their motion for default judgment and REFERS Plaintiffs' Response to Judge Tomlinson for a report and recommendation on whether Plaintiffs' motion should be granted and, if necessary, to determine the appropriate amount of damages, costs, and/or fees to be awarded.

Plaintiffs are directed to submit the excel spreadsheet(s) discussed in the R&R within thirty (30) days of the date of this Memorandum and Order. Plaintiffs are further directed to serve a copy of this Memorandum and Order on the Yehudian Defendants by overnight mail and first-class mail and file proof of service on ECF within fourteen (14) days of the date of this Memorandum and Order.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    September __13__, 2017
          Central Islip, New York