```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY, and
NORTHBROOK INDEMNITY COMPANY,

                        Plaintiffs,

        -against-                               MEMORANDUM & ORDER
                                                14-CV-4826(JS)(AKT)
IRAGE YEHUDIAN, M.D., PADOVA PHYSICAL
REHABILITATION MEDICINE, P.C., and
PROGRESSIVE REHABILITATION FACILITY, P.C.,

                        Defendants.
-----------------------------------X
APPEARANCES
For Plaintiffs:    Jasmine Garcia-Vieux, Esq.
                   Michael W. Whitcher, Esq.
                   Nathan A. Tilden, Esq.
                   Richard D. King, Jr., Esq.
                   Smith & Brink PC
                   1205 Franklin Avenue, Suite 260
                   Garden City, NY 11530

For Defendants:    No appearances[1]
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that Allstate Insurance Company, Allstate Indemnity Company, Allstate

---

[1] While defendants Irage Yehudian, M.D. ("Yehudian"), Padova Physical Rehabilitation Medicine, P.C. ("Padova"), and Progressive Rehabilitation Facility, P.C. ("Progressive" and collectively, the "Yehudian Defendants") were represented by counsel earlier in this action, they failed to retain new counsel after this Court granted their former counsel's motion to withdraw in May 2015. (See May 2015 Minute Order, Docket Entry 59.)

Property & Casualty Insurance Company, and Northbrook Indemnity Company's (collectively, "Plaintiffs") motion for entry of default judgment and entry of final judgment against the Yehudian Defendants be granted in part and denied in part. (R&R, Docket Entry 95.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

## BACKGROUND

The Court presumes familiarity with the factual and procedural history of this matter, which is set forth in detail in the R&R, Judge Tomlinson's August 23, 2017 R&R (the "August 2017 R&R"), (Aug. 2017 R&R, Docket Entry 86), and this Court's September 13, 2017 Order (the "September 2017 Order"), (Sept. 2017 Order, Docket Entry 90). Briefly, on August 14, 2014, Plaintiffs commenced this action against the Yehudian Defendants and a number of former co-defendants.[2] Plaintiffs seek to "recover damages arising from an alleged fraudulent healthcare billing scheme purportedly orchestrated by the defendants in violation of state and federal law." (R&R at 1; see generally Compl., Docket Entry 1.)

---

[2] In 2015, Plaintiffs filed stipulations dismissing with prejudice their claims against all defendants aside from the Yehudian Defendants. (See Stipulations of Dismissal, Docket Entries 70, 73.) The Court subsequently "So Ordered" these stipulations. (See Orders Dismissing Parties, Docket Entries 71, 74.)

After Judge Tomlinson issued the August 2017 R&R, Plaintiffs filed a response dated September 6, 2017, which the Court construed as a motion to renew their motion for entry of default judgment in accordance with the August 2017 R&R. (Sept. 2017 Order at 6; Mot. to Renew, Docket Entry 88.) In the September 2017 Order, the undersigned referred Plaintiffs' motion to Judge Tomlinson for an R&R on "whether Plaintiffs' motion should be granted and, if necessary, to determine the appropriate amount of damages, costs, and/or fees to be awarded." (Sept. 2017 Order at 6.)

Judge Tomlinson issued her R&R on February 15, 2018, recommending that the Court grant in part and deny in part Plaintiffs' motion for entry of default judgment and motion for entry of final judgment. (R&R at 52.) Specifically, Judge Tomlinson recommended that the Court enter judgment as follows:

- against Padova in the amount of $1,442,469.15;
- against Progressive in the amount of $460,360.88;
- holding Yehudian jointly and severally liable for the judgments against Padova and Progressive ($1,902,830.03);
- holding Yehudian alone liable for trebled damages on the RICO claims ($5,708,490.09), less the actual damages for which he is jointly and severally liable ($1,902,830.03), totaling $3,805,660.06; and
- precluding any set-off against the damages award.

(R&R at 52.)  Further, Judge Tomlinson recommended that the Court dismiss Plaintiffs' claim for unjust enrichment as duplicative of their fraud claim, and that the Court grant Plaintiffs' request for declaratory relief.  (R&R at 52.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R.  The time for filing objections has expired, and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Tomlinson's R&R (Docket Entry 95) is ADOPTED in its entirety.  Plaintiffs' motion to renew (Docket Entry 88) is GRANTED and their motion for entry of default judgment and for entry of final judgment (Docket Entry 84) is GRANTED IN PART and

4

DENIED IN PART.  The Court will execute Plaintiffs' proposed form of default judgment (Docket Entry 97-1) forthwith.

Plaintiffs are directed to serve a copy of this Memorandum and Order and the executed judgment on the Yehudian Defendants by overnight mail and first-class mail and file proof of service on ECF within fourteen (14) days of the date of this Memorandum and Order.  Upon entry of judgment, the Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March   31  , 2018
          Central Islip, New York

5